KENNETH J. MASAT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Masat v. Commissioner
Docket No. 22392-82.
United States Tax Court
T.C. Memo 1988-540; 1988 Tax Ct. Memo LEXIS 569; 56 T.C.M. (CCH) 718; T.C.M. (RIA) 88540; November 29, 1988; As amended December 7, 1988 *569 Kenneth J. Masat, pro se. James F. Prothro and Martin Van Brauman, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1978 in the amount of $ 33,885.24 and an addition to tax under section 6653(a) [1] in the amount of $ 1,694.26. When the case was called for trial, there was no appearance by or on behalf of petitioner, and respondent orally moved to dismiss the petition for failure to properly prosecute as to those items with respect to which petitioner bore the burden of proof, and to determine the deficiency and addition to tax as set forth in the notice of deficiency, subject to his proving that the notice of deficiency was mailed within the statutory period of limitations. The Court stated that respondent's oral motion would be granted. One of the allegations in the petition is that "petitioner further contends that respondent has acted outside the statute of limitations." In his answer, respondent affirmatively alleged as a defense to this assignment *570 of error, that the notice of deficiency was mailed to petitioner by certified mail at his last known address on June 7, 1982, which was within 3 years from the date of the filing on June 8, 1979, by petitioner of his income tax return for the calendar year 1978. The issue for decision, therefore, is whether respondent mailed to petitioner by certified mail at his last known address, a timely notice of deficiency. Petitioner alleges that the notice of deficiency, a copy of which is attached to the petition as Exhibit A, was issued by the office of Internal Revenue Service at 1100 Commerce Street, Dallas, Texas 75242. Respondent admits this allegation. The copy of the notice of deficiency attached to the petition bears a date of June 7, 1982, and is addressed to Kenneth J. Masat, Box 60307, G-541, Houston, Texas 77205. Petitioner resided in Houston, Texas at the time his petition in this case was filed. His address in Houston was Box 60307, G-541, Houston, Texas 77205. Petitioner filed his Federal income tax return for the calendar year 1978 on Form 1040 on June 8, 1979. On June 7, 1982, respondent listed on Form 3877, taken to a Dallas post office, an article mailed to *571 Kenneth Masat, Box 60307, G-541, Houston, Texas 77205. The Form 3877 was dated in handwriting, but was not stamp dated by the post office with the postal stamp of Dallas, Texas. A return receipt for certified mail addressed to Kenneth J. Masat, Box 60307, G-541, Houston, Texas 77205, was stamped at Houston, Texas on June 9, 1982, and shows a document which was certified and was signed for, as received by D. Davis on June 9, 1982. The return receipt showing receipt on June 9, 1982, of a certified letter addressed to Kenneth J. Masat was received by the Internal Revenue Service, 1100 Commerce Street, Dallas, Texas 75202 on June 11, 1982. An article mailed from Dallas, Texas to Houston, Texas could not have been received in Houston, Texas on June 9, 1982, if it had not been mailed at least by June 8, 1982. On the basis of the evidence introduced in this case, we conclude that the notice of deficiency mailed to petitioner at his last known address in Houston, Texas was mailed to him from Dallas, Texas by certified mail on June 7, 1982, which is within the statutory period of limitations for the mailing of a notice of deficiency with respect to a return filed June 8, 1979. We therefore *572 conclude that respondent timely mailed a notice of deficiency to petitioner with respect to the deficiency in his Federal income tax for the calendar year 1978. Since the burden of proof is on petitioner with respect to all issues raised in the petition, other than the issue with respect to the statute of limitations, and petitioner did not appear when the case was called for trial, we grant respondent's motion to dismiss as to the other issues and will determine the deficiencies as set forth in the notice of deficiency. An order dismissing the case for lack of prosecution as to the issues on which petitioner has the burden of proof and a decision for respondent will be entered.
Footnotes
1. All references are to the Internal Revenue Code of 1954 as applicable to the year here in issue.↩